# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE C. MENDOZA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MACY'S INC.,<br><br>　　　　Defendant. | CASE NO. 1:19-cv-01156-DAD-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

## I.　　INTRODUCTION

On August 23, 2019, Plaintiff, proceeding pro se, filed a civil complaint against Defendant Macy's Inc. (Doc. 1.) Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, related to her suspension and subsequent demotion from a full-time position to part-time. (*Id.* at 5–6.) Plaintiff seeks compensatory damages in the amount of $100,000, plus one-week pay for lost wages during her suspension. (*Id.* at 6.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on September 4, 2019. (Docs. 2, 3.)

Plaintiff's complaint is now before the Court for screening. The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in her pleading. Thus, Plaintiff is provided the pleading and legal standards for her claims and is granted leave to file a first amended complaint.

### A. Screening Requirement and Standard

The Court is required to screen complaints in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply

essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges that Defendant violated her civil rights and discriminated against her in response to her "cooperation in [a] lawsuit against [Defendant] previously." (Doc. 1 at 5.) Plaintiff alleges that on March 5, 2019, she was "told to sign a form of suspension" but refused to sign it, and "later [her] full-time position was lost." (*Id.*) Plaintiff claims this action prevented her from earning a living wage, caused her to lose her benefits, and created a hostile work environment for her where she was made to feel not welcome at her job. (*See id.*)

Plaintiff contends that Defendant's action in suspending and later demoting her was discriminatory and in violation of Title VII and the ADEA. (*See id.* at 5–6.)

## B. Plaintiff Fails to State a Cognizable Claim under Title VII

### 1. Title VII Discrimination

#### a. Disparate Treatment

Title VII states that it is an unlawful employment practice for an employer to discriminate against an employee because of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(b). To establish a prima facie case of intentional discrimination or "disparate treatment"[1] under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195–96 (9th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

At the pleading stage, a plaintiff is not required to allege specific facts establishing each of these four elements to make out the type of prima facie case required at the evidentiary stage. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007) (reaffirming *Swierkiewicz*). The plaintiff must, however, allege facts sufficient to put the defendant on fair notice of the basis for the claims, including, for example, that the plaintiff's employer discriminated against the plaintiff because of their race, color, religion, sex, or national origin and facts to support that assertion, and at least some facts regarding the adverse

---

[1] A plaintiff may also allege a Title VII discrimination claim under a theory of "disparate impact." *See Harris v. City of Fresno*, 625 F. Supp. 2d 983, 995 (E.D. Cal. May 26, 2009). Under that theory, the plaintiff must: "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Id.* Plaintiff does not appear to allege a "disparate impact" claim, and in any event does not allege facts sufficient to put Defendant on notice of a disparate impact claim and does not show that she alleged sufficient facts in her Equal Employment Opportunity Commission ("EEOC") charge to put Defendant on notice of the claim. *See Goethe v. Dept. of Motor Vehicles*, No. 2:07-CV-01945-MCE-GGH, 2008 WL 489554, at *5 (E.D. Cal. Feb. 20, 2008) (a plaintiff's EEOC charge must have "provide[d] notice to the investigative body of a disparate impact claim.").

4

employment action and the events leading up to the adverse employment action. *See Swierkiewicz*, 534 U.S. at 514; *see also Fresquez v. County of Stanislaus*, No. 1:13-cv 1897-AWI-SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014) ("[W]hile a plaintiff need not plead facts constitut[ing] all elements of a prima facie employment discrimination case [] to survive a motion to dismiss, courts look to those elements . . . so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a [plausible] claim to relief.").

Here, the Court finds that Plaintiff has not pleaded sufficient facts to put Defendant on fair notice of the claims of discrimination against it. First, Plaintiff has not pleaded that she was discriminated against based on her "race, color, religion, sex, or national origin" as required under Title VII. *See* 42 U.S.C. § 2000e–2(b). Although Plaintiff also cites the ADEA, to the extent Plaintiff is claiming she was discriminated against based on her age, Title VII does not apply to age discrimination. *See Walker v. U.S. Dept. of Commerce*, No. 1:11-CV-01195 AWI SKO, 2012 WL 1424495, at *6 (E.D. Cal. Apr. 24, 2012) (citing *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 55 F.3d 1051, 1058 (9th Cir. 2009)). Second, Plaintiff does not allege that the adverse employment action—her demotion and suspension—occurred because of her membership in a particular class, but only alleges that her "civil rights were violated by the way [she] was treated." (Doc. 1 at 6.) In an amended complaint, Plaintiff must allege at least some additional facts regarding the events leading up to the adverse employment action, to give Defendant fair notice of how Plaintiff claims she was discriminated against. *See Swierkiewicz*, 534 U.S. at 514.

### b. Hostile Work Environment

Title VII also allows an employee to bring a claim under a "hostile work environment" theory. *See Guthrie v. Hurwitz*, No. 1:18-cv-282 AWI-BAM, 2018 WL 6460093, at *4 (E.D. Cal. Dec. 10, 2018). To establish a discrimination claim under this theory, the plaintiff must show (1) verbal or physical conduct of a harassing nature that was "(2) unwelcome and (3) sufficiently severe

or pervasive to alter the conditions of her employment and create an abusive working environment." *Id.* (citing *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016)). As with a disparate treatment claim under Title VII, the plaintiff need not establish each of these elements to survive the pleadings stage, but "the Court must consider the elements when determining if the complaint contains sufficient factual matter, accepted as true, to state a plausible claim for relief." *Id.* (citations omitted). The plaintiff must allege "specific facts that constitute a hostile work environment" and must allege that the environment was created because of the plaintiff's "race, color, religion, sex, or national origin." *See Morgan v. Napolitano*, No. CIV. S-09-2649 LKK/DAD, 2010 WL 3749260, at *4 (E.D. Cal. Sept. 23, 2010); 42 U.S.C. § 2000e–2(b).

Here, Plaintiff alleges "the incident" created a "hor[ri]ble work environment" for her and that she was "told to go on call and made to feel not welcome" at her job. (Doc. 1 at 5.) This is insufficient to state a claim for Title VII discrimination under a hostile work environment theory.

Plaintiff does not claim that the alleged hostile work environment was created because of her "race, color, religion, sex, or national origin," does not allege specific facts about the allegedly hostile work environment, and does not allege facts to support that whatever actions constituted a hostile work environment were "sufficiently severe or pervasive to alter the conditions of her employment." *See Guthrie*, 2018 WL 6460093, at *4; 42 U.S.C. § 2000e–2(b); *Morgan*, 2010 WL 3749260, at *4. To set forth a cause of action, Plaintiff must allege more facts to state a claim under a hostile work environment theory.

### 2. Title VII Retaliation

The anti-retaliation provision of Title VII prohibits retaliatory employment actions against an employee because he has "opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [pursuant to Title VII.]" 42 U.S.C. § 2000e–3. "To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2)

the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

Plaintiff has also failed to allege sufficient facts to put Defendant on notice of a potential Title VII retaliation claim. Plaintiff alleges in the complaint that she experienced an adverse employment action based on her "cooperation in [a] lawsuit against her employer previously" but does not give any details about her cooperation or about the lawsuit. (*See* Doc. 1 at 5.) Plaintiff may be able to make out a claim for Title VII retaliation, but must allege facts demonstrating that the lawsuit, with which she cooperated, was brought under Title VII. *See Morgan v. Napolitano*, No. CIV. S-09-2649 LKK/DAD, 2010 WL 2219200, at *6 (E.D. Cal. June 1, 2010) ("[P]laintiff must allege facts that demonstrate that these EEO complaints were brought under Title VII. Specifically, these employees must have brought claims alleging discrimination because of race, color, religion, sex, or national origin."). Plaintiff must also allege facts regarding her involvement in the lawsuit and that she "opposed" an employment practice made unlawful under Title VII. *See id.*; 42 U.S.C. § 2000e–3. Without these allegations, Plaintiff fails to state a claim for Title VII retaliation.

**C.     Plaintiff Fails to State a Cognizable Claim under the ADEA**

**1.     ADEA Discrimination**

**a.     Disparate Treatment**

The ADEA makes it illegal for an employer:

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with [the ADEA].

7

29 U.S.C. § 623(a). To establish a prima facie case of age discrimination under the disparate treatment theory of the ADEA[2] a plaintiff must show she: "(1) was a member of the protected class (aged 40 or older); (2) was performing [her] job satisfactorily; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications or some other circumstances that would lead to an inference of age discrimination." *Brazill v. California Northstate College of Pharmacy, LLC*, 904 F. Supp. 2d 1047, 1052 (E.D. Cal. Oct. 24, 2012) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Rose*, 902 F.2d at 1421).[3] A plaintiff may also state a claim under the ADEA by alleging he or she was demoted, instead of discharged. *See Jones v. Lehigh Southwest Cement Co., Inc.*, No. 1:12-cv-0633 AWI JLT, 2013 WL 3006418, at *6 (E.D. Cal. June 14, 2013) (citing *O'Connor v. Counsol. Coin Caterers Corp.*, 517 U.S. 308, 310 (1996)).

Plaintiff fails to state a claim under the ADEA. First, Plaintiff does not allege her age in the complaint or whether she is in the protected class of people over the age of forty, and does not allege that the person who replaced her after she was demoted was younger and of an age that is outside the protected class. *See Jones*, 2013 WL 3006418, at *6 ("Plaintiff's ADEA claim was dismissed from the original complaint because Plaintiff failed to allege his own age; the claim was dismissed from the First Amended Complaint because Plaintiff failed to allege that the person who replaced him was outside the protected class."). Additionally, Plaintiff does not allege that she was replaced at all. (*See generally* Doc. 1.) Because "the ADEA is more circumscribed" than Title VII, an ADEA

---

[2] There is also a disparate impact theory under the ADEA, but Plaintiff does not appear to allege her ADEA claim under a disparate impact theory. Under the disparate impact theory, the plaintiff must actually allege facts about the disparate impact and how it manifested, in addition to the factors of the disparate treatment theory, and show that the disparate impact claim was alleged in the EEOC charge to put the defendants on notice of it. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990); *Goethe*, 2008 WL 489554, at *5.

[3] As with claims brought under Title VII, "[a] plaintiff in an ADEA case is *not* required to plead a *prima facie* case of discrimination in order to survive a motion to dismiss" or screening of the complaint. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012). However, if the "plaintiff pleads a plausible *prima facie* case of discrimination, the plaintiff's complaint will be sufficient to survive a motion to dismiss." *Id.*

8

claim requires that the plaintiff be "replaced by an individual who is not more qualified and who is not within the age range protected by the ADEA." *Jones*, 2013 WL 3006418, at *6. Thus, Plaintiff must plead those facts in the amended complaint to sufficiently allege an ADEA claim.

### b. Hostile Work Environment

As with a claim under Title VII, to establish an ADEA claim under a hostile work environment theory, a plaintiff must show (1) verbal or physical conduct of a harassing nature that was "(2) unwelcome and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *See Guthrie*, 2018 WL 6460093, at *4. The plaintiff must also allege "specific facts that constitute a hostile work environment" and must allege that the environment was created because of the plaintiff's age. *See Morgan*, 2010 WL 3749260, at *4. As stated above, Plaintiff fails to allege sufficient facts regarding the alleged hostile work environment, and she also fails to allege that it was created because of her age. Accordingly, Plaintiff fails to state a claim for an ADEA violation based on a hostile work environment theory.

### 2. ADEA Retaliation

To establish a prima facie case of retaliation under the ADEA, as with a Title VII retaliation claim, the plaintiff "must establish (1) that he engaged in a protected activity; (2) that he suffered an adverse employment decision; and (3) that a causal link exists between the protected activity and the employment decision." *Whitshitt v. Barbosa*, No. CIV S-06-0397 MCE JFM PS, 2007 WL 1725487, at *3 (E.D. Cal. June 14, 2007) (citing *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002)).

Plaintiff fails to state a claim for ADEA retaliation for similar reasons that she fails to state a Title VII retaliation claim—namely, Plaintiff does not allege that the lawsuit against her employer with which she "cooperated," was a lawsuit based on ADEA violations or that she made any complaints about age discrimination exhibited by her employer. *See Poland*, 494 F.3d at 1179. Plaintiff must allege that she opposed practices of her employer that are illegal under the ADEA,

and then suffered an adverse employment action because of her opposition (and facts to support those assertions), to state a retaliation claim under the ADEA. *See Whitsitt*, 2007 WL 1725487, at *3.

### D. Exhaustion of Administrative Remedies

Plaintiff attaches to the complaint a copy of a right to sue letter issued to her by the EEOC on May 23, 2019, as well as a corresponding informational page. (Doc. 1 at 7–8.) However, Plaintiff does not attach the charge filed with the EEOC or allege a description of the charge in her complaint.

Title VII requires a plaintiff to file an administrative claim with the EEOC against an employer within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5. The EEOC then issues a "right-to-sue" notice permitting a civil action to be brought against the employer within ninety days. *Id.* § 2000e – 5(f)(1). Substantial compliance with the administrative exhaustion process is a jurisdictional prerequisite to the filing of a civil action against that employer under federal law. *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (Title VII). The scope of the claims presented to the EEOC by way of formal charge determines the permissible scope of the claims that may be presented in the district court. *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003). The same concepts apply to claims brought under the ADEA. *See Whisitt v. Hedy Holmes Staffing Services*, No. 2:13-cv-0117-MCE-AC, 2014 WL 5019667, at *4–5 (E.D. Cal. Oct. 7, 2014) ("The scope of the [ADEA claims raised in the] EEOC complaint determines the permissible scope of the claims that may be presented in district court.").

Here, Plaintiff did not attach the original EEOC charge to the complaint or set forth the contents of the charge in the complaint. The right-to-sue letter attached to the complaint, however, indicates that Plaintiff filed a charge with the EEOC at some point. (*See* Doc. 1 at 7–8.) To sufficiently allege exhaustion of administrative remedies, Plaintiff "must allege the facts relevant to that charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was

10

against. The charge itself should be attached as an exhibit if possible." *See Harshaw v. Lew*, No. 1:16-cv-00963-AWI-SKO, 2016 WL 3906913, at *3 (E.D. Cal. July 18, 2016) (quoting *Whitsitt*, 2014 WL 5019667, at *3). In the absence of this information, the Court cannot determine whether Plaintiff has exhausted her administrative remedies as to the conduct alleged in the complaint, and whether it has jurisdiction to proceed with the case under Title VII or the ADEA. Thus, Plaintiff must either allege sufficient facts about the charge in the complaint, or attach the charge itself as an exhibit. Leave to amend will be granted to allow Plaintiff to include this information with her amended complaint.

### III. CONCLUSION AND ORDER

Plaintiff has failed to state a plausible claim for relief under Title VII or the ADEA. Therefore, her complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii). *See Lopez*, 203 F.3d at 1126–27.

As noted above, the Court will provide Plaintiff with an opportunity to amend her claims and cure, to the extent possible, the identified deficiencies. *See id.* at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state sufficient information to make out a claim under Title VII and/or the ADEA, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." *See* E.D. Cal. L.R. 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint; and
2. Within twenty-one (21) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order,

11

or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: __**September 19, 2019**__        /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE