# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE C. MENDOZA,<br>　　　　　Plaintiff,<br>　v.<br>MACY'S INC.,<br>　　　　　Defendant. | Case No. 1:19-cv-01156-DAD-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Doc. 6)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

On August 23, 2019, Plaintiff filed the complaint in this case against Defendant. (Doc. 1.) Plaintiff also filed a motion to proceed in forma pauperis, which was granted on September 4, 2019. (Docs. 2, 3.)

On September 20, 2019, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave until October 11, 2019, for Plaintiff to file an amended complaint. (Doc. 4.) Plaintiff filed a request for an extension of time in which to file her amended complaint, and the Court granted the request and allowed Plaintiff until November 22, 2019, to file her amended complaint. (Docs. 5, 6.) To date, Plaintiff has not filed an amended complaint or requested an additional extension of time in which to do so.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.

1

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within fourteen (14) days of the date of service of this Order, why this action should not be dismissed for her failure to comply with the Court's October 24, 2019 Order, (Doc. 6.), within the specified period of time**. The Court further CAUTIONS Plaintiff that, if she fails to file this statement within fourteen (14) days of the date of service of this Order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

IT IS SO ORDERED.

Dated:   **December 2, 2019**                             /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE