# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE C. MENDOZA,<br>　　　　　Plaintiff,<br>　v.<br>MACY'S INC.,<br>　　　　　Defendant. | Case No. 1:19-cv-01156-DAD-SKO<br><br>**SECOND ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Doc. 12)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

On August 23, 2019, Plaintiff filed the complaint in this case against Defendant. (Doc. 1.) Plaintiff also filed a motion to proceed in forma pauperis, which was granted on September 4, 2019. (Docs. 2, 3.)

On September 20, 2019, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave until October 11, 2019, for Plaintiff to file an amended complaint. (Doc. 4.) Plaintiff filed a request for an extension of time to file her amended complaint, and the Court granted the request and allowed Plaintiff until November 22, 2019, to file her amended complaint. (Docs. 5, 6.) On December 2, 2019, the Court entered an order to show cause ("OSC") why the case should not be dismissed for Plaintiff's failure to file an amended complaint by November 22, 2019. (Doc. 7.) Plaintiff's response explained that she needed additional time to gather documentation to support her claims. (Doc. 8.) The Court discharged the OSC and gave Plaintiff until January 27, 2020 to file an amended complaint. (Doc. 9.) Plaintiff filed another motion for an extension of time, stating that a January 27, 2020 deadline did not give

1

her enough time to gather the requisite documentation, (Doc. 10), and the Court granted Plaintiff until April 6, 2020, to file an amended complaint, (Doc. 12).  To date, Plaintiff has not filed an amended complaint or requested an additional extension of time in which to do so.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within fourteen (14) days of the date of service of this Order, why this action should not be dismissed for failure to comply with the Court's February 6, 2020 Order, (Doc. 12), within the specified period of time**.  The Court further CAUTIONS Plaintiff that, if she fails to file this statement within fourteen (14) days of the date of service of this Order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

IT IS SO ORDERED.

Dated:   **May 11, 2020**                                      /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE

2