# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE C. MENDOZA,<br><br>             Plaintiff,<br><br>     v.<br><br>MACY'S INC.,<br><br>             Defendant. | Case No. 1:19-cv-01156-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>**(Docs. 1, 4, 13)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant Macy's Inc. on August 23, 2019. (Doc. 1.) Plaintiff also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which was granted on September 4, 2019. (Docs. 2, 3.)

On September 20, 2019, the undersigned issued a screening order finding that Plaintiff failed to state any cognizable claims and granted Plaintiff twenty-one days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.) Plaintiff then requested an extension of time to file her amended complaint, which the Court granted and extended the deadline to November 22, 2019. (Docs. 5, 6.) Plaintiff failed to file an amended complaint by the extended deadline.

On December 2, 2019, an order issued for Plaintiff to show cause ("OSC") within fourteen days why the action should not be dismissed for her failure to comply with the Court's screening order. (Doc. 7.) Plaintiff responded to the OSC by requesting an additional extension of time, which the Court granted, allowing Plaintiff until January 27, 2020 to file an amended complaint. (Docs.

8, 9.) Plaintiff filed another request for an extension of time on January 31, 2020, which the Court granted, allowing Plaintiff until April 6, 2020, to file her amended complaint. (Docs. 10, 12.) Plaintiff failed to file an amended complaint by that deadline.

On May 11, 2020, the Court entered a second OSC, directing Plaintiff to show cause within fourteen days why the action should not be dismissed for her failure to comply with the Court's orders. (Doc. 13.) Plaintiff was warned in both the screening order and the multiple OSCs that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id. See also* Docs. 4, 7.) Plaintiff has not yet filed any response to the second OSC and the time to do so has passed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with the screening order and the most recent OSC, there is no alternative but to dismiss the action for failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order, failure to prosecute this action, and failure to state a cognizable claim.

These Findings and Recommendation will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

  The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at her address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:  **July 1, 2020**        /s/ *Sheila K. Oberto*
                UNITED STATES MAGISTRATE JUDGE